UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD SWEENEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00289-JPH-DLP |
| | ) | |
| KATHLEEN M. SWEENEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING THE COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Charles Sweeney, an inmate at Wabash Valley Correctional Facility, brings this

action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*.

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an

obligation under 28 U.S.C. § 1915A(a) to screen the amended complaint before service on the

defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of

the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. In determining whether the complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## THE COMPLAINT

On June 5, 2020, Mr. Sweeney filed a complaint naming Assistant United States Attorney Kathleen Sweeney ("AUSA Sweeney") as the sole defendant. He is seeking declaratory and injunctive relief and compensatory and punitive damages.

The complaint alleges that in 1992, Mr. Sweeney was arrested by agents of the Bureau of Alcohol, Tobacco, and Firearms for allegedly placing a pipe bomb under a Clark County detective's unmarked vehicle. AUSA Sweeney allegedly allowed a Clark County deputy sheriff to eavesdrop on a debriefing in which Mr. Sweeney was cooperating with federal officials. AUSA Sweeney later represented the Government at a hearing where Mr. Sweeney pleaded guilty to several charges related to his arrest. In 2019, the Government conceded that Mr. Sweeney was actually innocent of these charges.  The Court broadly construes the Complaint as bringing claims against AUSA Sweeney based on allegations that she was involved in both bringing criminal charges against Mr. Sweeney and allowing the Clark County Deputy to eavesdrop.

## III.
## DISCUSSION

Prosecutors have absolute immunity from civil liability for initiating prosecutions, presenting the Government's case in court, and engaging in other prosecutorial functions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (Federal prosecutors have absolute immunity from *Bivens* actions for decisions to prosecute.). Prosecutors

do not have absolute immunity for non-judicial activities such as giving advice to police during a criminal investigation, *Burns v. Reed*, 500 U.S. 478, 496 (1991), making statements to the press, *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993), or serving as a complaining witness in support of a warrant application, *Kalina v. Fletcher*, 522 U.S. 118, 132 (1997) (SCALIA, J., concurring).

Mr. Sweeney's claim against AUSA Sweeney for bringing charges against him and representing the Government at his guilty plea hearing is **dismissed**. These prosecutorial activities are intimately associated with the judicial process and are squarely within the category of conduct for which prosecutors have absolute immunity.

Mr. Sweeney's claim that AUSA Sweeney allegedly allowed a Clark County deputy sheriff to eavesdrop on his debriefing with federal officials approximately 28 years ago is **dismissed**. The Court need not determine whether AUSA Sweeney is entitled to absolute immunity for this alleged conduct, or whether a *Bivens* action may be brought against her in this context, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (holding that extending *Bivens* actions to contexts other than unlawful search and seizure, gender discrimination in employment, or deliberate indifference to a prisoner's serious medical needs is a "disfavored judicial activity"), because  this claim is barred by the statute of limitations. *See King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000) (The statute of limitations for both § 1983 and *Bivens* actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred); Ind. Code § 34-11-2-4(a)(1) (a personal injury action must be commenced within two years after the cause of action accrues).

## IV.
## OPPORTUNITY TO AMEND

The dismissal of the complaint will not lead to the dismissal of the action at this time. Instead, the plaintiff shall have **through September 25, 2020, to file an amended complaint**. *See*

*Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 2:20-cv-289-JPH-DLP and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 9/2/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES EDWARD SWEENEY, JR.
957595
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only