UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES EDWARD SWEENEY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00289-JPH-DLP |
| | ) |
| KATHLEEN M. SWEENEY, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING AMENDED COMPLAINT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On September 2, 2020, the Court issued an Order dismissing the complaint. The plaintiff was given an opportunity to file an amended complaint to avoid dismissal of the action. On September 16, 2020, the plaintiff filed an amended complaint. For the reasons explained below, the amended complaint is **DISMISSED**.

**I.
SCREENING STANDARD**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen the amended complaint before service on the defendants.

The Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## BACKGROUND

On June 5, 2020, the plaintiff filed a complaint naming Assistant United States Attorney Kathleen Sweeney ("AUSA Sweeney") as the sole defendant. Dkt. 2. The complaint stated that in 1992, the plaintiff was arrested by agents of the Bureau of Alcohol, Tobacco, and Firearms for allegedly placing a pipe bomb under a Clark County detective's unmarked vehicle. *Id.* AUSA Sweeney allegedly allowed a Clark County deputy sheriff to eavesdrop on a debriefing in which the plaintiff was cooperating with federal officials. *Id.* AUSA Sweeney later represented the Government at a hearing where the plaintiff pleaded guilty to several charges related to his arrest. *Id.* In 2019, the Government conceded that the plaintiff was actually innocent of these charges and vacated his conviction. *Id.*

On September 2, 2020, the Court dismissed the complaint. Dkt. 9. *Id.* The plaintiff's claim that AUSA Sweeney violated his rights by representing the Government at his guilty plea hearing was dismissed because prosecutors have absolute immunity for activities that are intimately associated with the judicial process. *Id.* at 2-3. The plaintiff's eavesdropping claim was dismissed because it was barred by the statute of limitations. *Id.* at 3. The plaintiff was given an opportunity to amend the complaint to avoid dismissal of the action. *Id.* at 3-4.

On September 16, 2020, the plaintiff filed an amended complaint. Dkt. 10. The plaintiff argued that pursuant to *Heck v. Humphrey*, 513 U.S. 477 (1994) and its progeny, the statute of limitations did not begin to run until the plaintiff's conviction was vacated in 2019. Dkt. 10, pp. 2-3. The facts in support of the eavesdropping claim are not materially different than those asserted in the original complaint.

The amended complaint makes no argument opposing AUSA Sweeney's absolute immunity for representing the Government at the plaintiff's guilty plea hearing. Thus, it appears that the plaintiff has abandoned that claim.

## III.
## DISCUSSION

In *Heck*, the Supreme Court held that a state prisoner may not bring a claim for damages under § 1983 if judgment in the prisoner's favor "would necessarily imply the invalidity of his conviction or sentence." 513 U.S. at 486-87. The *Heck* doctrine has been applied to *Bivens* claims against federal officers. *Hill v. Murphy*, 785 F.3d 242, 244 (7th Cir. 2015). Where a plaintiff's conviction has been vacated, the statute of limitations on claims that were previously barred by *Heck* begins to run upon the date that the conviction was vacated. *Savory v. Cannon*, 947 F.3d 409, 428-29 (7th Cir. 2020) (en banc).

The plaintiff's eavesdropping claim does not imply the invalidity of his federal conviction or sentence. Therefore, the eavesdropping claim was not barred by *Heck*, and the fact that the plaintiff's federal conviction has been vacated has no effect on the statute of limitations regarding this claim. For the reasons explained in the Order dismissing the original complaint, dkt. 9, pp. 3-4 the eavesdropping claim is barred by the statute of limitations, and the amended complaint must be **DISMISSED**.

## IV.
## CONCLUSION

For the reasons explained above, the amended complaint is **DISMISSED**. Because the plaintiff has previously been given an opportunity to amend his complaint, this action is **DISMISSED**. The plaintiff's motion for trial by jury, dkt. [8], is **DENIED AS MOOT**.

Final Judgment in accordance with this Order shall now issue.

**SO ORDERED**.

Date: 10/7/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES EDWARD SWEENEY, JR.
957595
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only